POLSTON, J.,
concurring in part and dissenting in part.
I concur with the majority’s opinion that the Florida Election Code does not preempt the field of elections law and with answering the certified question in the negative. I also concur with the majority’s opinion that section 6.2C of the amendment is in conflict with the Election Code and, therefore, unconstitutional. However, unlike the majority, I also believe that sections 6.2A and 6.2B are in conflict.
Section 6.2A is unconstitutional because the charter amendment provides voter-imposed restrictions on the Sarasota County Board of Commissioners not permitted by the statute authorizing the Board’s choice of a voting system from any of the systems approved by the Department of State.[3] See Bd. of County Comm’rs of Dade County v. Wilson, 386 So.2d 556 (Fla.1980) (declaring a proposed ordinance unconstitutional because it was in conflict with general law; the proposed ordinance would set millage rates through an initiative petition process rather than through the governing body of the county as required by statute). The Election Code provides that “[t]he board of county commissioners of any county ... may, upon consultation with the supervisor of elections, adopt, purchase or otherwise procure, and provide for the use of any electronic or electomechanical voting system approved by the Department.” § 101.5604, Fla. Stat. (2007) (emphasis added). Therefore, under the Election Code, the Board has the ability to choose any voting system approved by the Department of State. However, the charter amendment eliminates that ability. The charter amendment, which is enacted by the electorate and not the board of county commissioners, restricts the Board’s choice to only those voting systems “providing] a voter verified paper ballot.” Amendment § 6.2A(1). Stated otherwise, section 6.2A and the Election Code conflict because section 6.2A states that the Board may not choose any system approved by the Department of State, while the Election Code expressly authorizes the Board to do so.
Contrary to the majority, I agree with the Second District’s analysis concluding that section 6.2B is in conflict with the Election Code. See Browning v. Sarasota Alliance for Fair Elections, Inc., 968 So.2d 637, 649-53 (Fla. 2d DCA 2007).
Therefore, I agree with the Second District that the three sections of the charter amendment are unconstitutional. Accordingly, I respectfully concur in part and dissent in part.

. Contrary to the majority, I do not believe this issue is moot. Unlike section 101.56075, Florida Statutes (2007), the charter amendment does not provide an exception to the paper ballot requirement for persons with disabilities.